UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. SHERMAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00818-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Richard A. Evans is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 12, 2019. (ECF No. 1.)

Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*, filed on June 12, 2019. (ECF No. 2.) Plaintiff's certified inmate trust account statement was filed on June 14, 2019. (ECF No. 6.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

///

1

relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

Further, the Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to § 1915(g).[2] Andrews v. Cervantes, 493 F.3d 1047, 1053–55 (9th Cir. 2007). In his complaint, Plaintiff alleges that his health and safety is in jeopardy every day because he is subjected to unsafe and unsanitary conditions in the California Substance Abuse Treatment Facility and State Prison, Corcoran Facility E dining room, because he and other inmates in the Facility E dining room have been served rotten and spoiled food on numerous occasions, because his cell and the Building 3 dayroom leak water and contaminants when it rains, and because his cell can get very hot in the summer. However, Plaintiff's vague and conclusory allegations fail to demonstrate that he was in imminent danger of serious physical injury at the time that he filed this action on June 12, 2019. Andrews, 493 F.3d at 1057 n.11; see also White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). Therefore, Plaintiff is precluded from proceeding *in forma pauperis* in this action. If Plaintiff wishes to proceed with this action, Plaintiff must pay the $400.00 filing fee in full.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $400.00 filing fee in full in order to proceed with this action.

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) Evans v. Cal. Dep't. of Corrs. & Rehab., Case No. 2:17-cv-01891-JAM-KJN (E.D. Cal.) (dismissed on January 18, 2018 for failure to prosecute, following a screening order dismissing complaint for failure to state a claim); (2) Evans v. Cal. Dep't. of Corrs. & Rehab., Case No. 2:17-cv-01890-WBS-DB (E.D. Cal.) (dismissed on April 26, 2018 for failure to prosecute, following a screening order dismissing complaint for failure to state a claim); (3) Evans v. Suisun Police Dep't., Case No. 2:17-cv-01889-KJM-CMK (E.D. Cal.) (dismissed on August 7, 2018 for failure to state a claim). See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 18, 2019**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE