# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>           Plaintiff,<br><br>    v.<br><br>S. SHERMAN, et al.,<br><br>           Defendants. | Case No. 1:19-cv-00818-LJO-BAM (PC)<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR AN EXTENTION OF TIME (ECF No. 8)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND REQUIRING PLAINTIFF TO PAY THE FILING FEE TO PROCEED WITH THIS ACTION<br>(ECF Nos. 2, 7)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Richard A. Evans is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 12, 2019. (ECF No. 1.)

On June 19, 2019, the assigned Magistrate Judge issued Findings and Recommendations that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $400.00 filing fee in full in order to proceed with this action. (ECF No. 7.) The Findings and Recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service of the findings and recommendations. (Id.)

On June 27, 2019, Plaintiff filed a motion for an extension of time to file his objections to

1

the Findings and Recommendations. (ECF No. 8.) Nevertheless, since Plaintiff filed his objections a day later, Plaintiff's motion for an extension of time is denied as moot.

On June 28, 2019, Plaintiff timely filed objections to the Magistrate Judge's Findings and Recommendations. (ECF No. 9.) First, Plaintiff contends that <u>Evans v. Suisun Police Dep't</u>, Case No. 2:17-cv-01889-KJM-CMK (E.D. Cal.), cannot be counted as a strike because the case has been reopened and he has filed an amended complaint against the Suisun Police Department and the Suisun City Council. However, since United States District Judge Kimberly J. Mueller denied Plaintiff's motion to reopen Case No. 2:17-cv-01889-KJM-CMK on June 24, 2019, Case No. 2:17-cv-01889-KJM-CMK remains dismissed for failure to state a claim.[1] Therefore, the Court finds that Case No. 2:17-cv-01889-KJM-CMK counts as a strike. Consequently, Plaintiff's first objection is overruled.

Second, Plaintiff contends that <u>Evans v. Cal. Dep't of Corr. & Rehab.</u>, Case No. 2:17-cv-01890-WBS-DB (E.D. Cal.), cannot be counted as a strike because the case is being reopened due to newly discovered evidence. However, while Plaintiff has filed a motion to reopen the case, Magistrate Judge Deborah Barnes has issued findings and recommendations recommending that Plaintiff's motion to reopen the case be denied. Those findings and recommendation remain pending before the District Judge. Therefore, since Plaintiff's motion to reopen the case has not been granted, Case No. 2:17-cv-01890-WBS-DB remains dismissed for failure to prosecute, following a screening order dismissing Plaintiff's complaint for failure to state a claim. Consequently, the Court finds that Case No. 2:17-cv-01890-WBS-DB counts as a strike, and overrules Plaintiff's second objection. See <u>Harris v. Mangum</u>, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing <u>El-Shaddai v. Zamora</u>, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted).

---

[1] The Court takes judicial notice of Case Nos. 2:17-cv-01889-KJM-CMK (E.D. Cal.) and 2:17-cv-01890-WBS-DB (E.D. Cal.) pursuant to Federal Rule of Evidence 201(b)(2). See <u>United States v. Black</u>, 482 F.3d 1035, 1041 (9th Cir. 2007); <u>Headwaters Inc. v. U.S. Forest Serv.</u>, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); <u>U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992).

Third, Plaintiff argues that, due to his wrongful conviction on child molestation charges, he is in imminent danger of serious physical injury every day of his incarceration. In evaluating whether the imminent danger exception applies, the "nexus" test outlined in Pettus v. Morgenthau, 554 F.3d 293, 297-98 (2d Cir. 2009), controls. See Stine v. Federal Bureau of Prisons, No. 1:13-cv-1883-AWI-MJS, 2015 WL 5255377, at *2-*5 (E.D. Cal. Sept. 9, 2015). Under the "nexus" test, prisoners with three or more strikes can qualify for the imminent danger exception of § 1915(g) only if: (1) "the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury. The three-strikes litigant must meet both requirements in order to proceed IFP." Pettus, 554 F.3d at 298-99.

In this case, there is simply no factual or legal connection between Plaintiff's allegations of imminent danger due to his allegedly wrongful conviction on child molestation charges and the allegedly unsafe and unsanitary conditions in his cell, the Building 3 dayroom, and the Facility E dining room at California Substance Abuse Treatment Facility and State Prison, Corcoran as alleged in Plaintiff's complaint. Moreover, since the causes of action alleged in Plaintiff's complaint are unrelated to Plaintiff's allegations of imminent danger, a favorable outcome in this case will not redress Plaintiff's allegations of imminent danger. Therefore, Plaintiff's allegations of imminent danger fail to meet either prong of the "nexus" test. Consequently, Plaintiff has failed to establish that he was in imminent danger of serious physical injury when he filed his complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053–55 (9th Cir. 2007). Hence, Plaintiff's third objection is overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Magistrate Judge's Findings and Recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file objections to the June 19, 2019 Findings and Recommendations, (ECF No. 8), is DENIED as moot;

2. The Findings and Recommendations issued on June 19, 2019, (ECF No. 7), are adopted in full;

3. In accordance with 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis*, (ECF No. 2), is DENIED;

4. Within **twenty-one (21) days** following the date of service of this order, Plaintiff shall pay the $400.00 filing fee in full in order to proceed with this action;

5. <u>Plaintiff is warned that if he fails to pay the filing fee within the specified time, this action will be dismissed</u>; and

6. This matter is referred back to the assigned Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **August 6, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

4